**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: June 1 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 14-31071 |
| | ) | |
| Donald E. McHugh, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3140 |
| | ) | |
| Donald E. McHugh, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Bank of America, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER REGARDING MOTION TO DISMISS**

This adversary proceeding is before the court on a Motion to Dismiss ("Motion") filed by Defendant Bank of America, N.A. ("Bank of America") [Doc. # 6], Plaintiff's opposition [Doc. # 9], and Bank of America's reply [Doc. # 10]. Plaintiff is the debtor in the underlying Chapter 13 bankruptcy case. In his complaint, Plaintiff seeks a declaratory judgment that the promissory note and mortgage that are the subject of Bank of America's proof of claim filed in Plaintiff's bankruptcy case are void because they were not properly securitized in violation of a pooling and servicing agreement. Bank of America's motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), which applies in this proceeding pursuant to

Federal Rule of Bankruptcy Procedure 7012. Bank of America argues that Plaintiff lacks standing to assert a violation of the relevant pooling and servicing agreement and that his claim is barred by the doctrine of res judicata.

The district court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b) as a civil proceeding arising in or related to a case under Title 11. This proceeding has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 2012-7 of the United States District Court for the Northern District of Ohio. Proceedings to determine the validity of a note and mortgage are core proceedings that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(B), (K), & (O). Having considered the Motion and the parties' memoranda is support of their respective positions, for the reasons that follow, Defendant's Motion will be granted.

## BACKGROUND

The following factual allegations are set forth in the complaint and exhibits attached thereto.[1] Bank of America "became servicing agent by transfer for U.S. Bank National Association as Trustee for the Specialty Underwriting and Residential Finance Trust Mortgage Loan Asset-Backed Certificates Series 2006-BC2 (SURF 2006-BC2)," (hereinafter, "the Trust"), "the purported owner of the Promissory Note and Mortgage encumbering the property of the Plaintiff." [Doc. # 1, Complaint, ¶ 2].

Plaintiff states in his complaint that "it is [his] position that the process of securitization for the assignment of Plaintiff's Promissory Note and Mortgage to the [Trust] was not followed and that the Promissory Note and Mortgage are void ab initio." [*Id.* at ¶ 6]. He states in a conclusory fashion that the deposit and assignment of his Promissory Note and Mortgage into the Trust never occurred and that there is, therefore, "no valid claim against [him] for which payment can be made under the Chapter 13 Plan." [*Id.* at ¶¶ 6, 20]. He alleges that "Merrill Lynch Mortgage Investors, Inc. together with Merrill Lynch Mortgage Lending, Inc. and Merrill Lynch Pierce Fenner & Smith and their loan servicers. . . misrepresented, and continue to misrepresent, the deposit of Plaintiff's loan, Promissory Note and Mortgage into [the Trust] to Plaintiff, to the Court, to the Trust and to the investors in [the Trust]." [*Id.* at ¶¶ 7, 19].

Plaintiff alleges that the Trust was established by Merrill Lynch Mortgage Investors, Inc., ("Merrill Lynch") on March 1, 2006, "with a Cut-Off Date of March 1, 2006 and a Closing Date of March 30, 2006 for the deposit of notes and mortgages into the Trust." [*Id.* at ¶ 8]. He alleges that Merrill Lynch failed to

---

[1] While the Complaint also includes statements of the law, legal conclusions, and argument, the court considers only Plaintiff's factual allegations in addressing Bank of America's Motion.

2

comply with the securitization requirements found in various sections of its Pooling and Servicing Agreement ("PSA"), which Plaintiff alleges includes a provision that it shall be governed by New York Trust law, and its Mortgage Loan Sale and Assignment Agreement, an agreement between Merrill Lynch Mortgage Lending, Inc. and Merrill Lynch Mortgage Investors, Inc. [*Id.* at ¶¶ 10, 11 and attached Ex. B, pp. 2-3]. Plaintiff alleges that exhibit D attached to his Complaint, which is the Promissory Note endorsed in blank by the original mortgagee, was "presented, or referenced, as a true and accurate copy by various servicers on 5/30/08, 9/14/09, 5/20/10, 2/07/12, 8/07/12 and 3/22/13," [*id.* at ¶16(a)], but that the Promissory Note upon which Bank of America relies in support of its claim is "an altered document" in that there is an asterisked notation added to the original endorsement indicating that the Note was endorsed to U.S. Bank National Association ("U.S. Bank"), as Trustee for the Trust, [*id.*, and attached Ex. C]. Plaintiff alleges that the "altered Note was first presented to [him] by Bank of America Home Loans (servicer at the time) on 10/02/12," which was "four and one-half years after the Closing Date of the Trust." [*Id.*]. He also alleges that the Note Allonge upon which Bank of America also relies, which transfers Plaintiff's Promissory Note from " Wilshire Credit Corporation (servicer at the time)" to U.S. Bank, as Trustee for the Trust, "is dated 10/13/09, more than three years after the Closing Date of the Trust." [*Id.* at ¶ 16(b), and attached Ex. E].

In the Complaint, Plaintiff also includes allegations regarding assignment of Plaintiff's Mortgage. Plaintiff alleges that exhibit F, which is the Assignment of Mortgage relied upon by Bank of America in support of its claim, is dated May 27, 2008, "more than two years after the Closing Date of [the Trust]," which he alleges is in violation of the PSA and the Mortgage Loan Sale and Assignment Agreement. [*Id.* at ¶ 16(c)]. He alleges that the assignment was made "from the defunct Originator and not from the Depositor as required." [*Id.*]. Further allegations include facts regarding the transfer of servicing rights from Nationstar Mortgage to Bank of America, N.A. in August 2014, [*id.* at 18, and attached Exs. H & I], and that, on October 30, 2014, Bank of America Home Loans advised Plaintiff in response to his request for information that "the current owner of the Plaintiff's note is Bank of America, N.A.," [*id.* and attached Ex. K].

## LAW AND ANALYSIS

The gravamen of Plaintiff's Complaint is that the transfer of the Promissory Note and assignment of his Mortgage occurred after the closing date of the Trust and in violation of the provisions of both the PSA and Merrill Lynch's Mortgage Loan Sale and Assignment Agreement and that, as a result, the Promissory Note and Mortgage were not deposited into the Trust and are thus void and uncollectible. As

3

indicated above, Bank of America's Motion is brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. It argues (1) that Plaintiff lacks standing to assert a claim based upon a violation of the PSA and (2) that Plaintiff's claim is barred by preclusion principles. Because the court agrees with Bank of America's standing argument, it need not address its res judicata argument.

**I. Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *Coyne v. Am Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) ("'For purposes of ruling on a motion to dismiss for want of standing, . . . courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party,'" quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

The United States Supreme Court explained that "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.* Although typically courts may not consider matters beyond the complaint in determining a Rule 12(b)(6) motion, as stated above, the court may take judicial notice of proceedings in another court without converting the motion into one for summary judgment. *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

**II. Standing to Challenge Compliance with PSA**

Bank of America's standing argument implicates the prudential standing principle that a party "'must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth v. Seldin*, 422

4

U.S. 490, 499 (1975)). The burden of establishing standing is on the party seeking federal court relief. *Rosen v. Tennessee Comm'r of Fin. & Admin.*, 288 F.3d 918, 927 (6th Cir. 2002). Bank of America argues that Plaintiff lacks standing to challenge compliance with the PSA because he is not a party to, or beneficiary of, that agreement. The court agrees.

Courts, including the Sixth Circuit Court of Appeals, have consistently found that borrowers lack standing to challenge compliance with the provisions of a PSA. *See, e.g., Dauenhauer v. Bank of N.Y. Mellon*, 562 Fed. Appx. 473, 480 (6th Cir. 2014) (finding borrowers lacked standing to assert invalid assignment of loan to Trust based on violations of PSA as they were not parties to or third-party beneficiaries of the PSA); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 748 (E.D. Mich. 2010), *aff'd*, 399 Fed. Appx. 97, 102 (6th Cir. 2010) (same)); *Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 87 (2d Cir. 2014) (stating that "although noncompliance with PSA provisions might have made the assignments unenforceable at the instance of parties to those agreements, . . . plaintiffs lacked standing to enforce the agreements to which they were not parties and of which they were not intended beneficiaries"); *Wells Fargo Bank. N.A. v. Erobobo*, –N.Y.S.3d –, 127 A.D.3d 1176, 2015 N.Y. Slip. Op. 03522, 2015 WL 1915161, 2015 N.Y. App. Div. LEXIS 3508 (N.Y. App. Div., April 29, 2015) (reversing lower court and holding that mortgagor does not have standing to challenge the bank's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the PSA); *Correia v. Deutsche Bank Nat'l Trust Co. (In re Correia)*, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011) (finding debtors lacked standing and citing *In re Almeda*, 417 B.R. 140, 149 (Bankr. D. Mass. 2009)); *Veal v. Deutsche Bank Nat'l Trust Co.*, No. 1:13-cv-3610-WSD, 2014 WL 3611743, *4 (N.D. Ga. July 17, 2014) (same). Nevertheless, Plaintiff asserts several arguments in support of a finding that he has standing.

Plaintiff argues that the choice of law in the PSA is New York law. In support of his standing in this case, he cites *Wells Fargo Bank v. Erobobo*, 972 N.Y.S.2d 147 (Table), 2013 WL 1831799, 2013 N.Y. Misc. LEXIS 790 (N.Y. Sup. Ct. 2013), a heavily criticized unreported New York trial court decision, *see, e.g., Sandri v. Capital One Bank, N.A. (In re Sandri)*, 501 B.R. 369, 376 (Bankr. C.D. Cal. 2013)(bankruptcy court describes the trial court decision in *Erobobo* as a case whose "reasoning and holding have been called into doubt"). In *Erobobo,* the defendant/mortgagor defended against the bank's foreclosure action, raising arguments similar to those asserted by Plaintiff in this case. The mortgagor argued that the bank did not own the note and mortgage because their transfer to the bank occurred after the closing date of the PSA and

were not assigned from the depositor to the Trust, which violated of the terms of the PSA, and that the transfers were therefore void. 2013 WL 1831799 at *7. Relying on § 7-2.4 of the New York Estate, Powers, & Trusts Law for the proposition that every sale, conveyance or other act of the trustee in contravention of the trust is void, the trial court denied the bank's motion for summary judgment on the grounds that the borrower's standing was not implicated and that the borrower's submission as to the alleged PSA violations was sufficient to raise genuine issues of fact that the transfer was void under New York trust law as being in contravention of the PSA. *Id.* at *7-*9.

The bankruptcy court in *Sandi* was prescient, however, as the trial court decision in *Erobobo* was recently reversed by the New York Supreme Court, Appellate Division, after Plaintiff filed his response to Bank of America's Motion. *Wells Fargo Bank, N.A. v. Erobobo,* –N.Y.S.3d –, 127 A.D.3d 1176, 2015 N.Y. Slip. Op. 03522, 2015 WL 1915161, 2015 N.Y. App. Div. LEXIS 3508 (N.Y. App. Div., April 29, 2015). Citing *Rajamin*, the appellate court specifically stated that the mortgagor did not have standing to challenge the bank's possession or status as assignee of the note and mortgage based on purported noncompliance with the provisions of the PSA. *Id.* In *Rajamin*, construing § 7-2.4 and also criticizing the trial court decision in *Erobobo*, the United States Second Circuit Court of Appeals rejected an interpretation that would render void under New York law a trustee's acceptance of property on behalf of a trust when done in contravention of the terms of the trust. *Rajamin*, 757 F.3d at 87-90. It reasoned that because under New York law, unauthorized acts of a trustee may be ratified by the trust's beneficiaries, such acts are not void but merely voidable, "and that under New York law such acts are voidable only at the instance of a trust beneficiary or a person acting in his behalf." *Id.* at 90. Plaintiff in this case does not allege that he is either a trust beneficiary or a person acting in a beneficiary's behalf.

Plaintiff also argues that the Sixth Circuit's opinion in *Slorp v. Lerner, Sampson & Rothfuss*, 587 Fed. Appx. 249 (6th Cir. 2014), supports a finding that he has standing. In *Slorp*, the law firm Lerner, Sampson & Rothfuss ("law firm") filed a foreclosure action against Slorp on behalf of its client Bank of America and attached to the complaint an assignment purporting to assign an interest in Slorp's mortgage to Bank of America. *Id.* at 251. An employee of the law firm had executed the assignment of the mortgage on behalf of Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* After the foreclosure action was voluntarily dismissed, Slorp filed an action against the law firm and others to recover attorney fees he expended in that proceeding. *Id.* He alleged, among other things, that the law firm's employee "falsely executed" the assignment as she was not an employee of MERS at the time. *Id.* at 252. The district court

6

dismissed the complaint, finding that Slorp lacked standing to challenge the validity of the assignment because he was not a party to the assignment. *Id.* at 253.

The Sixth Circuit Court of Appeals reversed in part, finding that Slorp did have standing. Although the court recognized the general principle that a person who is neither a party to the contract nor a third-party beneficiary of the contract lacks standing to enforce the contract's terms and to challenge its validity, *Id.* at 254, it stated that "a non-party homeowner may challenge a putative assignment's validity on the basis that it was not effective to pass legal title to the putative assignee," *Id.* at 255 (citing *Conlin v. Mortg. Elec. Registration Sys.,* 714 F.3d 355, 361 (6th Cir. 2013) (stating that a third party may challenge an assignment if that challenge would render the assignment void)) and *Livonia Props. Holdings, LLC* , 399 Fed. Appx. at 102). Slorp's allegations regarding the fraudulent assignment would, if proven, render the assignment void such that Bank of America would not have held title at the time of the foreclosure. *See id.* at 255-56. The court thus found that Slorp had standing to assert his claims. *Id.*

In this case, unlike *Slorp*, Plaintiff's allegations regarding the assignment of the Note and Mortgage being in violation of the terms of the PSA, if proven, would not render the assignments void. Under New York law, which Plaintiff acknowledges governs the PSA and as explained by the court in *Rajamin*, assignments in violation of a PSA are merely voidable, and then only at the instance of a trust beneficiary. *Rajamin*, 757 F.3d at 90. Thus, *Slorp* does not support Plaintiff's standing argument.

Finally, Plaintiff relies on a U.S. Bank document entitled "Role of the Corporate Trustee" in arguing that he is a party entitled to challenge compliance with the PSA. [*See* Doc. # 1, Complaint, Ex. A, p. 4]. Under the sub-heading "Parties to a Mortgage Backed Securities Transaction," the document lists seven "parties" and explains the role each plays in a mortgage backed securities transaction. *Id.* It explains that the "Borrower" is "[t]he person or entity responsible for the mortgage note and making principal and interest payments in accordance with the underlying mortgage documents." *Id.* However, the fact that Plaintiff is a party, in a general sense, to the transaction does not make him a contractual party to the PSA.

As Plaintiff does not allege that he is a party to, or beneficiary of, the PSA, and because his allegations of violation of the PSA, if proven, would not render the assignments of his Promissory Note and Mortgage void, nor would it render the Promissory Note and Mortgage themselves void, he does not have standing to challenge the assignments as not being in compliance with the PSA.[2]

---

[2] Although the parties have not addressed the issue, Plaintiff alleges that violations of the PSA render his Promissory Note and Mortgage themselves void ab initio, [*see* Doc. # 1, Complaint, ¶¶ 5, 20], and not simply that the assignments of those documents are void. The court notes that it is aware of no authority for that proposition.

7

For all of the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Bank of America's Motion to Dismiss [Doc. # 6] be, and hereby is, **GRANTED.** The court will enter a separate judgment in accordance with this Memorandum of Decision.

###

8

14-03140-maw    Doc 12    FILED 06/01/15    ENTERED 06/01/15 16:55:35    Page 8 of 8